IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Prysock, | ) | |
| | ) | Cr. No. 1:06-676 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

I. <u>FACTS AND PROCEDURAL HISTORY</u>

Movant Joseph Prysock was indicted for conspiracy to possess with intent to distribute, and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); using and carrying a firearm during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) (Count 2); possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts 3, 5); possession with intent to distribute and distribution of a quantity of cocaine base, in violation of  21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 4); and possession with intent to distribute and distribution of a quantity of cocaine, in violation of  21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 6).

Movant entered into a plea agreement as to Counts 1 and 6 of the indictment on October 31, 2006.  Movant's guilty plea was entered on October 31, 2006.  A sentencing hearing was held on November 8, 2007 at which Movant, through trial counsel, withdrew a number of his objections to the presentence investigation report (PSR).  The court sustained Movant's objections regarding a number of drug transactions and reduced the drug weight attributed to Movant from 2,643.34 grams of cocaine base to 991.34 grams of cocaine base.  These changes reduced Movant's base offense

level under the United States Sentencing Guidelines from a level 38 to a level 34. Movant received a two-level increase for possessing a dangerous weapon and a two-level reduction for acceptance of responsibility, yielding a total offense level of 34. Movant's criminal history computation included four points based on previous convictions, as well as a two-level increase for being on state probation at the time the instant offense was committed. Movant's criminal history category is III, for a Guidelines range of 188 to 235 months incarceration. Movant was sentenced to 188 months incarceration. Judgment was entered November 15, 2007. Movant filed a notice of appeal on November 20, 2007. The appeal was dismissed pursuant to Fed. R. App. P. 42(b) on December 17, 2007.

This matter now is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 85), which motion was filed July 30, 2008. Movant asserts the following grounds for relief:

> **Ground one**: Criminal History. Sentencing Guidelines denotes domestic violence similar to disorderly conduct, which is not counted. 1. Petitioner has two criminal history points for domestic violence. . . . Disposition on both cases resulted in a fine, no jail time and no probation and is not similar to instant offense. 2. Petitioner also charged with two points for a case while on probation that was never found to be responsible for. Petitioner believes Pre-Sentence Report should be corrected and be given relief in this matter.

> **Ground two**: Quantity of cocaine. There is no solid testimony to support the 991 grams of crack cocaine a polygraph test by the Drug Enforcment Agency came back non-deceptive I had all along had said the amount should have reflected 291 grams. Effectivley bring Petitioner to a level 32. Goverment/Court had agreed to polygraph test and their results, Petitioner is entitled to benifits of the same required Polygraph test. "Quote to goverments satisfaction" page 42 line 7 of the Plea Hearing.

> **Ground three**: Possession of a gun. Probation removed 1 point for acceptance for denying I had a gun. Petitioner also took a polygraph for this possession charge which also came back non-deceptive. Further there is no testimony to support this claim. Please see affidavit by witness, attached.

2

> **Ground four**: Ineffective assistance of counsel. Attorney had me give up my rights and plead guilty, I don't know why he failed to raise these issues. I knew i was not guilty of all of them, he just kept saying it was the thing to do to keep out of jail for life. At arraigment and plea he had sent a substitute. I did not know what else to do.

See generally ECF 85, 4-11 (errors in original).

The government filed a response in opposition to Movant's § 2255 motion on November 17, 2008. By order filed November 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response to the government's opposition on December 2, 2008. In addition, on October 8, 2010, Movant filed a motion to amend his § 2255 motion. Movant seeks the benefit of revisions to 21 U.S.C. § 841 that were enacted August 3, 2010 (ECF No. 109). See Fair Sentencing Act of 2010, Pub. L. No. 111-220 (setting forth cocaine sentencing disparity reduction).

## II. DISCUSSION

### A.    Grounds One and Two - Criminal History and Drug Weights

The government first asserts that Grounds One and Two are procedurally defaulted. The court agrees. Because Movant withdrew at sentencing the objections related to Grounds One and Two, and because Movant failed to raise these claims on direct appeal,[1] he is legally barred from raising them now, pursuant to the doctrine of procedural default. See United States v. Sa'ad El-Amin, 373 F. Supp. 2d 574, 577-78 (E.D. Va. 2005) ("The failure to raise a claim at trial and direct appeal generally results in a procedural default barring collateral review, absent a demonstration of

---

[1] In his original plea agreement, Movant agreed to waive his rights to a direct appeal. Plea Agreement ¶ 14 (ECF No. 41). The waiver was deleted in his Amended Plea Agreement (ECF No. 42).

3

cause and prejudice or actual innocence."); <u>United States v. Kiser</u>, 322 F. App'x 293 (4th Cir. 2009) (objection withdrawn at sentencing is waived for purposes of appeal)).

As to Ground One, a review of the PSR reveals that Movant raised his claims that a criminal domestic violence conviction should not be counted in his criminal history calculation, and that he was not on probation at the time of the instance offense, in his objections to paragraphs 48, 49, and 56 of the PSR. Movant withdrew the objections at sentencing. Sentencing Hearing 13-15 (ECF No. 73). As to Ground Two, Movant objected to the inclusion of 700 grams of cocaine base attributed to Movant by Ricky Jones, as set forth in paragraph 26 of the PSR. Movant withdrew the objection at sentencing. Sentencing Hearing 8-9. The court queried Movant regarding the objections and obtained his consent to withdraw these objections. Movant did not subsequently pursue a direct appeal of these issues. The court concludes that Grounds One and Two are procedurally defaulted.

B.     Ground Three - Possession of a Gun

The government asserts that Ground Three is procedurally defaulted. The court agrees. At the change of plea hearing, the government summarized its evidence, which included eyewitness testimony that Movant fired a gun during a drug transaction in Aiken, South Carolina, on August 8, 2001. Change of Plea Hearing 4 (ECF No. 52); <u>see also</u> Investigative Officer's Report, Statements (ECF No. 85-2). Movant agreed with the government's summary of the evidence. Change of Plea Hearing 4.

The Aiken drug transaction was referenced in paragraphs 16-20 of the PSR. In his objections to the PSR, Movant denied any drug or weapon activity related to the incident. However, Movant withdrew the objections at the sentencing hearing. Sentencing Hearing 6-7. Movant did not subsequently pursue a direct appeal of this issue. The court concludes that Ground Three is

procedurally defaulted.

C.    <u>Ground Four - Ineffective Assistance of Counsel</u>

Movant contends he received ineffective assistance of counsel.   To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient.   <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms.  <u>Id.</u> at 688.  Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different.  <u>See id.</u> at 694.  <u>Strickland</u> requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  <u>Id.</u> at 690.  The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  <u>Id.</u>  Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment.  <u>Id.</u> at 694.

In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to

5

advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

Although it is not clear, Movant evidently contends that trial counsel should have pursued at sentencing the issues asserted by Movant in his § 2255 motion. In his reply to the government's response in opposition, Movant does not dispute that Ground One, Two, and Three are procedurally defaulted. In addition, Movant does not address the merits of Grounds One or Two. It appears Movant may have abandoned Grounds One and Two. With respect to Ground Three, Movant argues that trial counsel used scare tactics to force Movant to admit that he possessed a gun, and that there was no evidence or testimony to support this allegation.

The court will address the merits of each of Movant's stated grounds for relief within the context of his ineffective assistance of counsel claim.

1.    Ground One - Criminal History (Criminal Domestic Violence). Movant objected to one point attributed to him for an offense of criminal domestic violence for which he was charged in the Aiken Municipal Court in Aiken South Carolina, as set forth in paragraph 48 of the PSR. See U.S.S.G. § 4A1.1(c). Movant was sentenced to pay a fine of $895.00. In his objections to the PSR, Movant asserted that he had not been represented by counsel and was thus unaware of the ramifications of the court action.

Under the Supreme Court's analysis in Nichols v. United States, 511 U.S. 738 (1994), sentencing courts may consider prior uncounseled misdemeanor convictions in calculating a defendant's criminal history under the Sentencing Guidelines if no sentence of imprisonment was imposed. At the sentencing hearing, trial counsel properly determined that Movant's objection to

6

paragraph 48 was not supportable under <u>Nichols</u> and therefore withdrew the objection.  Sentencing

Hearing 13; <u>see also</u> Affidavit of John A. O'Leary ¶ 3 (ECF No. 97-4).  It is axiomatic that failure

to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel.  <u>Bolender</u>

<u>v. Singletary</u>, 16 F. 3d 1547, 1573 (11th Cir. 1994).   Movant's contention is without merit.

       2.      <u>Ground One - Criminal History (Probation)</u>.  Under U.S.S.G. § 4A1.1(d), the court

is instructed to add two points to the criminal history calculation if the defendant committed the

instant offense while under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release, or escape status.  In paragraph 49 of the PSR, which indicates

that Movant was charged on October 6, 2000 for unlawful carrying of a weapon.  Movant was

sentenced on April 12, 2001 to six months confinement suspended upon the payment of a $600 fine,

and to probation for a period of eighteen months.  Movant received a two point increase in his

criminal history computation, as set forth in paragraph 56 of the PSR, based on his being on state

probation for unlawful carrying of a weapon at the time of the instant offense.  Movant objected to

paragraph 56 based on his belief that he was not on probation at the time of the offenses charged in

the indictment.

       The conspiracy charged in Count One, to which Movant pleaded guilty, was alleged to have

begun in or around October 2000, and continued to the date of the indictment, June 21, 2006.  <u>See</u>

Sentencing Hearing 14.  Movant's probation expired on October 11, 2002.  Trial counsel conceded

that the two-point addition to Movant's criminal history computation was correct based on the

overlap between the dates charged in the indictment and the dates Movant was on state probation

for the October 6, 2000 gun charge.  <u>Id.</u>; <u>see also</u> Affidavit of John A. O'Leary, ¶ 4.  Trial counsel's

performance was not deficient for failing to pursue a meritless objection.  Movant's contention is

without merit.

       3.    <u>Ground Two - Drug Weights</u>.  An interview with Shawn Hicks resulted in the United States Probation Office attributing 1,652 grams of cocaine base and 392 grams of powder cocaine to Movant.  <u>See</u> PSR ¶¶ 30-33.  Movant denied his involvement with Hicks and passed a polygraph test to that effect.  Affidavit of John A. O'Leary ¶ 7.  Trial counsel attests that the government was in a difficult position because Hicks had testified before the court with respect to other criminal matters and had credibility with the court and the government.  <u>Id.</u>  As the result, the government agreed to withdraw the drugs attributed to Movant by Hicks.  <u>Id.</u>; <u>see also</u> Sentencing Hearing 3-4.  The change reduced the total amount of cocaine base attributed to Movant from 2,643.34 grams to 991.34 grams.  Movant now contends that trial counsel was ineffective for failing also to contest 700 grams of cocaine base attributed to Movant by Ricky Jones.

      "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  <u>Strickland</u>, 466 U.S. at 689.  In this case, trial counsel attests that he advised Movant that if he challenged the drug amounts attributed to him by Jones, the government would, unlike the Hicks situation, be prepared to produce witnesses to testify against Movant.  <u>Id.</u> ¶ 8.  Moreover, according to trial counsel, the government informed trial counsel that it would object to a reduction for acceptance of responsibility if Movant were to challenge the drug weights attributed to Movant by witnesses other than Hicks.  <u>Id.</u>  In the court's view, trial counsel has articulated a sound trial strategy for deciding not to challenge the 700 grams of cocaine base attributed to Movant by Jones.  Movant's contention is without merit.

4. <u>Ground Three - Possession of a Gun</u>. The PSR contained no reduction in Movant's total offense level for acceptance of responsibility. The government informed the court that it would agree to a two-level reduction for acceptance of responsibility based upon Movant's agreement to withdraw his objection to the gun enhancement. Sentencing Hearing 5. Accordingly, the court reduced the total offense level by two points. <u>Id.</u> at 16; <u>see</u> U.S.S.G. § 3E1.1(a). The government declined to recommend a three-level adjustment for acceptance of responsibility based on Movant's change of position during his interview with the United States Probation Office, at which time he purportedly began to deny much of what he had admitted in open court at the change of plea hearing. Sentencing Hearing 16-17; <u>see</u> U.S.S.G. § 3E1.1(b) (providing that the government under certain circumstances can move to decrease the offense level by one additional level beyond the two-level increase allowed for acceptance of responsibility in U.S.S.G. § 3E1.1(a)). Movant asserts that he should not have been denied an additional one point for acceptance of responsibility. Movant continues to assert that he was not in possession of a weapon, contrary to his statements at the change of plea hearing and the sentencing proceeding.

According to trial counsel, Movant underwent a private polygraph prior to the sentencing on November 8, 2007. The polygraph was conducted as to the specific issue of Movant's use of a gun during the incident in Aiken, South Carolina, on August 8, 2001. According to trial counsel, the private polygraph confirmed and corroborated Movant's admission at the change of plea hearing regarding the facts surrounding that incident, including the government's representation to the court that an eyewitness said that she saw Movant fire a gun, and that another person involved in the incident in Aiken, South Carolina, told law enforcement officers that Movant had a gun and that he shot it during the incident. <u>See</u> Affidavit of John A. O'Leary ¶ 12; Change of Plea Hearing 3-4 (ECF

9

No. 52). Trial counsel also attests that he advised Movant that the government was prepared to bring witnesses to the sentencing hearing to testify as to the evidence supporting the factual allegations with respect to the shooting and the drug transaction.

In the court's view, trial counsel acted reasonably in withdrawing the objection regarding the gun possession in order to obtain a two-level adjustment for acceptance of responsibility. Movant's contention is without merit.

D.    Motion to Amend § 2255 Motion

There being no objection, the court grants Movant's motion to amend his § 2255 motion. However, the court denies the relief requested. Movant seeks a reduction in his sentence based upon the Fair Sentencing Act of 2010, which was enacted on August 3, 2010. The Court of Appeals has determined that the Act, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively. United States v. Nelson, 402 F. App'x 754 (4th Cir. 2010). Movant's contention is without merit.

### III. CONCLUSION

The court finds Movant's stated grounds for relief to be without merit. For the reasons stated, Movant's motion to vacate pursuant to § 2255 is **denied** and dismissed, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

10

debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 19, 2011

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**