IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America | C/A No. 1:06-cr-676-SAL |
| v. | **OPINION AND ORDER** |
| Joseph Prysock, a/k/a JoJo, | |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion requesting termination of supervised release. [ECF No. 135.] The court has been advised that neither the United States Probation Office nor the Assistant United States Attorney opposes early termination.

Title 18 United States Code Section 3583(e) provides that

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

1

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id.* at 283 (citation omitted).

The court has been provided with information that Defendant has served at least one year of his term of supervised release. Specifically, Defendant was sentenced to a term of five years of supervised release and a term of three years of supervised release, to run concurrently following his 188 month imprisonment.[1] According to Duane R. Newsom, United States Probation Officer, Defendant has remained in compliance with the conditions of his supervised release since his term of supervised release began on August 3, 2018.[2] He has not incurred any new criminal charges and has tested negative on all urinalysis. He has also maintained a stable residence and employment. The U.S. Probation Office is not opposed to Defendant's request for early termination of supervised release. Likewise, the Assistant United States Attorney associated with this case does not object to early termination.

---

[1] His 188 month sentence was subsequently reduced to 151 months.
[2] His supervised release is currently set to expire on August 2, 2023.

Considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, and based on the information provided by the U.S. Probation Office, the court finds it appropriate to terminate Defendant's term of supervised release at this time. Defendant is commended for remaining in compliance with the terms of his supervised release since his release from imprisonment. Defendant's motion for early termination of supervised release, ECF No. 135, is **GRANTED**.

    **IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/Sherri A. Lydon |
| May 10, 2023 | The Honorable Sherri A. Lydon |
| Columbia, South Carolina | United States District Court Judge |